IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID CECIL TUGGLE,

    Petitioner,                      No. CIV S-00-2080 DFL JFM P

    vs.

ROSANNE CAMPBELL, Warden,

    Respondent.               ORDER

_____/

        Petitioner is proceeding in propria persona and in forma pauperis with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 29, 2005, petitioner renewed his September 22, 2000 motions for evidentiary hearing and discovery, which were denied on February 28, 2002. Petitioner contends it was an abuse of discretion to deny his motions prior to submission of the entire state court record by respondent. Petitioner also seeks discovery in support of his claim that his prior conviction, used to enhance his sentence to life in prison, was unconstitutional.

        The court construes petitioner's June 29, 2005 filing as a request for reconsideration of the February 28, 2002 order. "Rulings by Magistrate Judges shall be final if no reconsideration thereof is sought from the Court within ten (10) court days calculated from the date of service of the ruling on the parties, see Fed. R. Civ. P. 6(a), (e)." Local Rule 72-303(b).

1

Plaintiff's request for reconsideration of the magistrate judge's order of February 28, 2002 is therefore untimely.[1]

However, even assuming, arguendo, plaintiff's request had been timely brought, it would be denied. As noted in the June 8, 2005 findings and recommendations, the allegedly missing tape, even if it existed, would not have been exculpatory in petitioner's case. <u>Whren v. United States</u>, 517 U.S. 806 (1996). Petitioner's claim that he needs additional discovery to demonstrate his prior conviction was constitutionally invalid, also fails. The Supreme Court has held that relief is generally unavailable to a state prisoner through a petition for a writ of habeas corpus when the prisoner challenges his current sentence on the ground it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody. <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394 (2001).

Good cause appearing, IT IS HEREBY ORDERED that plaintiff's June 29, 2005 request for leave to renew his motions for discovery and evidentiary hearing, construed as a request for reconsideration, is denied.

DATED: 9/26/2005

_____
DAVID F. LEVI
United States District Judge

---

[1] Respondents are required to file a separate "notice of lodging" form so litigants are aware when the record has been submitted. The court docket reflects no separately-filed notice, so at the time the February 28, 2002 order issued, it was clear the state court record had not yet been lodged.